IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LISA STROHPAUL,** | Case Number 3:13cv1675 |
| Plaintiff, | Judge James G. Carr |
| v. | Magistrate Judge James R. Knepp, II |
| **COMMISIONER OF SOCIAL SECURITY,** | |
| Defendant. | REPORT AND RECOMENDATION |

### INTRODUCTION

Plaintiff Lisa Strohpaul seeks judicial review of Defendant Commissioner of Social Security's decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). The district court has jurisdiction under 42 U.S.C. § 405(g) and § 1383(c)(3). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(1) (non-document entry dated August 2, 2013). For the reasons stated below, the undersigned recommends the Commissioner's decision be affirmed.

### PROCEDURAL HISTORY

On July 21, 2010, Plaintiff filed applications for DIB and SSI claiming epilepsy, injuries from seizures, and attention-deficit disorder ("ADD") limited her ability to work. (Tr. 11, 200, 202, 221). Her claims were denied initially and on reconsideration. (Tr. 146, 153). Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Tr. 160). Plaintiff, represented by counsel, and a vocational expert ("VE") testified at the hearing, after which the ALJ found Plaintiff not disabled. (Tr. 8, 25). The Appeals Council denied Plaintiff's request for review,

making the hearing decision the final decision of the Commissioner. (Tr. 1); 20 C.F.R. §§ 416.1455, 416.1481. On August 2, 2013, Plaintiff filed the instant case. (Doc. 1).

## FACTUAL BACKGROUND

Plaintiff challenges only the ALJ's conclusions regarding her mental limitations (Doc. 14, at 2) and therefore waives any claims about the determinations of her physical impairments. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (noting failure to raise a claim in merits brief constitutes waiver). Accordingly, the undersigned addresses only the record evidence pertaining to Plaintiff's mental impairments.

### *Plaintiff's Vocational and Personal Background*

Plaintiff was born on March 21, 1984 and has a high school education and prior relevant work experience as a cashier, hostess, machine operator, and nurse's aide. (Tr. 19, 216, 280, 574). Plaintiff lived in a first-floor apartment with her young son. (Tr. 33, 574). She could not drive due to a seizure disorder but got rides with friends and relatives. (Tr. 47).

By way of daily activities, Plaintiff cooked, cleaned, organized, shopped, watched movies, maintained personal care, and visited with friends and family. (Tr. 48, 51, 53, 71, 115, 229). She looked after her young son, including getting him to school and to bed, feeding him, assisting with his homework, taking him to the park or to visit his half-siblings, and playing with him. (Tr. 34, 48, 53, 71). Plaintiff worked part-time for Ohio Works First, where she filed papers and answered phones in exchange for housing and food stamp benefits. (Tr. 36). Plaintiff testified she never received treatment or medication for any mental health symptoms. (Tr. 50-52).

*Medical Evidence*

In a report of contact completed by the Social Security Administration, Plaintiff said she "ha[d] not noticed attention or concentration problems or problems getting along with others." (Tr. 229). Further, Plaintiff said she had not noticed symptoms from ADD, but felt she had increasing anxiety and agreed to attend a consultative examination. (Tr. 229).

On September 29, 2010, Plaintiff underwent a consultative examination with Neil S. Shamberg, Ph.D. (Tr. 574). Dr. Shamberg noted Plaintiff appeared "somewhat anxious, and moderately depressed, but not to any great degrees." (Tr. 574). Plaintiff suffered from a seizure disorder, which she said was currently under "[p]retty good control". (Tr. 574). She said she was diagnosed with attention-deficit hyperactivity disorder ("ADHD") as a child, but never took Ritalin. (Tr. 574). Plaintiff never experienced any type of community problems. (Tr. 575).

Dr. Shamberg noted a "very sparse" psychiatric history, which was limited to counseling during her pregnancy. (Tr. 575). Dr. Shamberg diagnosed adjustment disorder (currently untreated), mixed anxiety and depressed mood, and ADHD. (Tr. 577-78). He noted Plaintiff would get "very stressed out" but did a "fairly good job" taking care of her son, including taking him to school, playing with him, and maintaining the home. (Tr. 578). After a mental status examination, Dr. Shamberg concluded Plaintiff had mildly impaired abilities to understand, remember, follow instructions, and maintain attention, concentration, persistence, and pace. (Tr. 578). However, she had moderately impaired abilities to relate to others and to withstand the stress and pressures associated with day-to-day work. (Tr. 578). Dr. Shamberg was unsure whether Plaintiff required psychiatric treatment but noted some psychotherapy or counseling would be beneficial. (Tr. 578).

On October 10, 2010, state agency physician Irma Johnston, Psy.D., reviewed Plaintiff's records and completed a psychiatric review technique and mental residual functioning capacity ("RFC") assessment. (Tr. 72, 76). Dr. Johnston afforded great weight to Dr. Shamberg's opinion because it was consistent with the medical evidence of record and Plaintiff's activities of daily living. (Tr. 74). Socially, Dr. Johnston found Plaintiff was not significantly limited, except she was moderately limited in abilities to interact with the general public, accept instructions, respond appropriately to criticism from supervisors, and relate to others. (Tr. 77). She concluded Plaintiff would be able to perform simple and moderately complex tasks in a setting where interaction and relating to others was superficial and minimal, duties were relatively static, and changes could be explained. (Tr. 77).

On December 10, 2010, state agency physician Melanie Bergsten, Ph.D., reviewed Plaintiff's records and affirmed Dr. Johnston's psychiatric review technique and mental RFC assessment. (Tr. 114, 117).

*ALJ Decision*

On February 10, 2012, the ALJ determined Plaintiff suffered from severe impairments of status post multiple right shoulder surgeries, seizure disorder, adjustment disorder with anxiety and depressed mood, and ADHD. (Tr. 14). The ALJ found these impairments did not meet or medically equal a listed impairment. (Tr. 14).

Next, the ALJ determined Plaintiff had the RFC to perform a range of light work, except she could never climb ladders, ropes, or scaffolds and could only occasionally climb ramps or stairs. (Tr. 16). Plaintiff must avoid all use of moving machinery and exposure to unprotected heights and she was limited to occupations that required only occasional decision making and had only occasional changes in the work setting. (Tr. 16). Based on VE testimony, the ALJ

determined Plaintiff could perform past relevant work as a cashier, and was therefore, not disabled. (Tr. 19).

## STANDARD OF REVIEW

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## STANDARD FOR DISABILITY

Eligibility for DIB and SSI is predicated on the existence of a disability. 42 U.S.C. § 423(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five–step evaluation process – found at 20 C.F.R. § 404.1520 – to determine if a claimant is disabled:

5

1. Was the claimant engaged in a substantial gainful activity?

2. Did the claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's RFC and can she perform past relevant work?

5. Can the claimant do any other work considering her RFC, age, education, and work experience?

Under this five–step sequential analysis, the claimant has the burden of proof in steps one through four. *Walters*, 127 F.3d at 529. The burden then shifts to the Commissioner at step five to establish whether the claimant has the RFC to perform available work in the national economy. *Id.* The court considers the claimant's RFC, age, education, and past work experience to determine if the claimant could perform other work. *Id.* A claimant is only found disabled if she satisfies each element of the analysis, including inability to do other work, and meets the durational requirements. 20 C.F.R. §§ 404.1520(b)–(f); *see also Walters*, 127 F.3d at 529.

## DISCUSSION

Plaintiff argues the ALJ erred by not adopting a limitation for moderate difficulty in social functioning. (Doc. 14, at 7-8). Based on this alleged error, Plaintiff claims the ALJ's step four determination is not supported by substantial evidence. (Doc. 14, at 8-10). Her arguments are without merit for the following reasons.

*RFC Determination*

A claimant's RFC is an assessment of "the most [s]he can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). An ALJ must consider all symptoms and the extent to which those symptoms are consistent with the objective medical evidence. *Id.*, at § 416.929. An ALJ must also consider and weigh medical opinions. *Id.*, at § 416.927. When a claimant's

6

statements about symptoms are not substantiated by objective medical evidence, the ALJ must make a finding regarding the credibility of the statements based on consideration of the entire record. Social Security Ruling (SSR) 96-7p, 1996 WL 374186, *1. The Court may not "try the case de novo, nor resolve conflicts in evidence". *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987).

Here, the ALJ afforded great weight to the opinions of consultative examiner Dr. Shamberg and state agency physicians Drs. Johnston and Bergsten, except he gave little weight to their conclusion that Plaintiff had moderate difficulties in social functioning. (Tr. 18).

Objecting to the RFC determination, Plaintiff first claims the ALJ erred by failing to adopt all of the limitations contained in Dr. Shamberg's RFC. (Doc. 14, at 6). Similarly, Plaintiff argues the ALJ "ignored" uncontroverted social limitations set forth by Dr. Bergsten. (Doc. 14, at 7). However, the ALJ is permitted to treat different portions of a medical source statement separately, so long as he provides good reasons for the respective weight afforded. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007); Social Security Ruling ("SSR") 96-5p, 1996 WL 374183, at *4.

Upon review, the ALJ provided good reasons for not adopting moderate limitations in social functioning, including Plaintiff's mild restriction in activities of daily living, mild restriction in social functioning, and Plaintiff's testimony. (Tr. 15); *see*, *Rogers*, 486 F.3d at 242 ("Good reasons" are reasons "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.") (*quoting* SSR 96-2p, 1996 WL 374188, at *4). Furthermore, the ALJ's RFC determination is supported by substantial evidence.

7

Indeed, regarding activities of daily living, Plaintiff maintained her home, where she cooked, cleaned, organized, shopped, watched movies, and maintained personal care. (Tr. 33, 48, 51, 53, 71, 574, 577). Further, Plaintiff took care of her young son, including taking him to school, putting him to bed, feeding him, assisting with his homework, and playing with him. (Tr. 34, 48, 53, 71).

Additionally, she left the house a few times a week to go to the park, see a friend, or visit with family and had never experienced community problems. (Tr. 115, 229, 575). Plaintiff presented appropriately and was able to ask simple questions and request assistance from others, especially with getting rides to work, her son's daycare, doctor's appointments, and the grocery store. (Tr. 47, 574). Plaintiff said she had "not noticed attention or concentration problems or problems getting along with others." (Tr. 229). Further, Plaintiff testified that she worked part-time and never received treatment or medication for any mental health symptoms, including ADHD. (Tr. 36, 50-52).

Notably, Plaintiff does not direct the Court to any evidence which refutes the ALJ's finding, aside from the opinion evidence of physicians who either saw Plaintiff one time or not at all. For these reasons, the ALJ's RFC determination is supported by substantial evidence.

Next, Plaintiff claims that "even if Dr. Bergsten's opinion supported a finding to exclude this mental limitation, the ALJ's decision must be reversed" because "[r]eliance on a non-examining physician's opinion over a social security consultative examiner's (Dr. Shamberg) opinion constitutes reversible error." (Doc. 14, at 7). Plaintiff's argument is misplaced because the ALJ afforded significant weight to the opinions of Drs. Shamberg, Bergsten, *and* Johnston. (Tr. 18).

8

For her next arguments, Plaintiff summarily states the ALJ must explain conflicting evidence and cannot speculate as to the seriousness of Plaintiff's condition. (Doc. 14, at 7). However, as stated above, the ALJ supported his decision with substantial evidence, therefore, these arguments are not well-taken.

*Step Four*

Last, Plaintiff argues that if the ALJ had adopted opinion evidence finding moderate difficulties in relating to others, his step four decision would not be supported by substantial evidence. (Doc. 14, at 7-9). This argument hinges on the ALJ's RFC being unsupported by substantial evidence. However, as explained above, the RFC is indeed supported by substantial evidence, therefore, this argument is without merit.

### CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and the applicable law, the undersigned finds the Commissioner's decision denying DIB and SSI benefits applied the correct legal standards and is supported by substantial evidence. The undersigned therefore recommends the Commissioner's decision be affirmed.

s/James R. Knepp, II  
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).